1 **LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
2 GUY DANILOWITZ, State Bar # 257733
555 University Avenue, Suite 270
3 Sacramento, California 95825
Telephone: (916) 444-5678
4

5 Attorney for Plaintiff

6

7 UNITED STATES DISTRICT COURT

8 EASTERN DISTRICT OF CALIFORNIA

9

10 JAMES GARCIA,                                          NO.

          Plaintiff,
11
     vs.
12                                                       **COMPLAINT FOR VIOLATION OF
                                                         CIVIL RIGHTS**
13 CITY OF SACRAMENTO; City of
Sacramento Chief of Police RICHARD
14 BRAZIEL (Badge #5030); City of
Sacramento Police Officer GARY DAHL         **JURY TRIAL DEMANDED**
15 (Badge #0672); and DOES I through XX,
inclusive,
16
          Defendants.
17
_____/
18

19

20

21      Plaintiff JAMES GARCIA complains and alleges as follows:

22                          **I. JURISDICTION**

23      1.   This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C.

24 sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon

25 Title 28 U.S.C. sections 1331 and 1343.  This Court also has supplemental jurisdiction over

26 plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

27 ///

28 ///

Complaint for Violation of Civil Rights; Jury Trial Demanded                                1

## II. VENUE

2. Plaintiff's claims alleged herein arose in the City and County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III. INTRODUCTION

3. This is a civil rights complaint with pendent state law claims for damages and declaratory relief arising out of the unprovoked, unnecessary, unreasonable and vicious attack of plaintiff, James Garcia (Garcia) by a Sacramento Police Department dog named "Bandit." The attack occurred while Garcia was standing in a neighbor's backyard talking with several other neighborhood friends. Without warning, a Sacramento Police Department dog (K-9) named "Bandit" attacked Garcia causing significant and permanent injury and disfigurement to Garcia, in particular to his left leg. The Sacramento Police Department and the California Highway Patrol were in pursuit of an East Indian male who had apparently been involved in a car chase with officers which ended near Garcia's neighborhood. The male abandoned his car and fled on foot. The core criminal conduct underlying that chase was simply the driver's refusal to stop. Bandit attacked Garcia in his neighbor's backyard. The initial reaction of the first officers to encounter Bandit feasting on Garcia was ridicule and laughter.

4. Garcia alleges that this attack on an innocent third party or bystander is not an isolated incident, as numerous innocent Sacramento citizens have been attacked by Police Department dogs. This disturbing course of conduct is the result of the City of Sacramento and Chief Braziel's unreasonable and constitutionally defective canine policy, which permits and encourages the use of canines, a form of deadly force, in situations where innocent third parties or bystanders are in immediate danger, as in this case. Additionally Bandit, in particular, has an extensive history of inflicting unnecessary and serious injuries upon citizens. Bandit's actions were also the product of inadequate training, and supervision.

5. Through this civil rights action, plaintiff seeks compensation for Garcia's physical injuries, disfigurement, medical expenses, pain and suffering, and emotional distress. Plaintiff also seeks injunctive and declaratory relief from the Court to stop the City of Sacramento's improper and unconstitutional practices and policies, and punitive damages against the individual defendants.

## IV.  PARTIES

6. During all times mentioned in this Complaint, plaintiff Garcia is, and was, a United States citizen.  Plaintiff resides in the County of Sacramento, California.

7. Defendant City of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

8. Defendant Richard Braziel was during all times mentioned herein the Chief of Police of the City of Sacramento and acting in that capacity.  Defendant Braziel is being sued in his individual and official capacities.

9. Defendant G. Dahl was during all times mentioned herein a police officer employed by the City of Sacramento and acting in the course and scope of that employment relationship. Officer Dahl was the handler of the police dog, "Bandit."

10. The true names and identities of defendants Does I through X are presently unknown to plaintiff.  Plaintiff alleges on information and belief that each of defendants Does I through X were employed by the City of Sacramento during the time of this incident.  Plaintiff alleges that defendants Does I through X, and each of them, negligently handled the dog in question, allowed Bandit to continue his attack on Garcia and/or watched and/or encouraged and/or directed and/or enabled this attack.  Plaintiffs will seek to amend this Complaint as soon as the true names and identities of defendants Does I through X have been ascertained.

11. The true names and identities of defendants Does XI through XV are presently unknown to Plaintiffs.  Plaintiffs allege on information and belief that each of defendants Does XI through XV was employed by the City of Sacramento at the time of the conduct alleged herein.  Plaintiff alleges that each of defendants Does XI through XV were

1 responsible for the training, supervision and/or conduct of the officers and police dog involved in this incident. Plaintiff alleges that each of the defendants Does XI through XV were responsible for and caused the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendants Does XI through XV have been ascertained.

12. The true names and identities of Defendants Does XVI through XX are presently unknown to plaintiffs. Plaintiffs allege on information and belief that each of defendants Does XVI through XX was employed by the City of Sacramento at the time of the conduct alleged herein. Plaintiffs allege that each of defendants Does XVI through XX was responsible for the K-9 policy at issue in this case. Plaintiffs allege that this policy was a cause of the acts and injuries alleged herein. Plaintiffs will seek to amend this Complaint as soon as the true names and identities of Does XVI through XX have been ascertained.

13. Defendants Braziel and Dahl, Does I through XX and each of them, to the extent they engaged in any acts or omissions alleged herein did so under color of state law.

## V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

14. Plaintiff filed timely government tort claims with the City of Sacramento on September 1, 2009, regarding the assault and the related injuries, as a precondition to the filing of the state law claims contained herein.

15. The City of Sacramento sent out letters rejecting Garcia's claim on both October 8, 2009, and October 16, 2008. As this complaint is being filed within six months of both of these letters, plaintiff may bring the state law causes of action asserted herein.

## VI. FACTUAL ALLEGATIONS

16. Plaintiff James Garcia is a 33-year-old father of three and a mostly law abiding citizen. Garcia is a Hispanic who is 5'6" and weighs approximately 200 pounds.

17. Garcia and his family were longtime residents of Potomoc Avenue, which is within an older, working class, North Sacramento neighborhood known as Gardenland. The homes there are primarily modest, single family homes. Gardenland is a closely knit

1  community in which many of the residents have lived for many years and there is frequent
2  social contact amongst the families.

3      18.    The evening of Friday April 10, 2009, was seasonably cool and breezy,
4  though uneventful, until interrupted by the sounds of sirens and police helicopters shortly
5  after nine.

6      19.    Garcia, who had been watching television, went outside, as did a number of
7  other friends and neighbors, to see what was going on.  Garcia walked over to a neighbor's
8  backyard where he was joining in speculation about why law enforcement was in the
9  neighborhood.

10     20.    Suddenly, and without any warning, Garcia was attacked by Bandit.  The
11 dog's surprise attack was brutal and relentless.  The dog mutilated Garcia's lower left leg,
12 inflicting eleven separate wounds.

13     21.    After officers arrived at Garcia's location, they finally called Bandit off of
14 Garcia.  Rather than expressing shock or dismay at Garcia's assault, which rendered Garcia
15 unable to walk, the officers laughed out loud and chided Garcia for being responsible for
16 the dog's attack.

17     22.    The subject of the police search was a significantly younger, taller and
18 thinner Fijiian male of East Indian decent, Manuel Prasad, who was found hiding in a
19 nearby tree.  The reason officers were initially attempting to stop Prasad's car was for a tail
20 light violation.  The only felony charges filed against Prasad were a result of the chase and
21 his not stopping for the police cars.

22     23.    After his attack, Garcia was then transported, by ambulance, to Sutter
23 General Emergency Room where he received initial treatment for the dog bite injuries.

24     24.    The wounds were extensive.  He had multiple lacerations, contusions and
25 puncture wounds in both the front and back of his lower left leg.  The Emergency Room
26 notes on the date of the incident indicate that Garcia had "11 wounds 40 cm in length."
27 He was treated with antibiotics and Vicodin.

28

25. At the hospital, the Sacramento Police Department spoke with Garcia regarding compensation for his injuries. Despite Garcia being in obvious pain and heavily medicated for his injuries, the Police Department attempted to obtain a settlement with Garcia for $500.00, as well as agreeing to pay the thousands of dollars of medical costs. Garcia, despite his trauma, declined the City's generous offer. The City has not paid, nor have they again offered to pay, Garcia's medical bills despite their strict liability for those bills under California law.

26. Garcia was wheelchair bound during the month following his attack. After requiring the use of a wheelchair, he needed crutches for another month. He still has not regained the full use of his leg and frequently has to use a cane. Garcia returned to Sutter General for additional treatment a number of times, although his lack of financial resources and the City of Sacramento's refusal to pay his medical bills has resulted in his not obtaining the full treatment that he needs.

27. His injuries have significantly impaired his daily activities, in particular, his ability to work as a landscaper and perform auto body work, which is what he did prior to the assault. He is now unable to run or regularly exercise, which has resulted in weight gain and has contributed to his general depression since his assault.

28. There is considerable and unsightly scarring from the assault. Although these scars are painful reminders of the incident and continue to cause embarrassment, Garcia has been unable to obtain the services of a plastic surgeon due to his financial situation nd the City's recalcitrance, nor has he been able to be fully evaluated by a doctor for possible nerve damage.

29. The Sacramento Police Department and several stories in the media have portrayed Bandit, who recently was wounded by gunfire, to be worthy of canine sainthood. However, the vetting associated with a beatification would reveal that Bandit is notorious for inflicting numerous and severe unnecessary injuries upon innocent citizens, detainees and arrestees. Bandit's attacks have resulted in numerous lawsuits and claims for damages.

30. In addition to the unnecessary, unprovoked and unreasonable attack on plaintiff, plaintiff is informed and believes and therein alleges that numerous innocent Sacramento citizens have been attacked by Sacramento Police Department K-9s.

31. Plaintiff alleges that this pattern of Sacramento police dogs attacking innocent third parties/bystanders is the result of defendant City of Sacramento's and Chief Braziel's unreasonable and constitutionally defective K-9 policy. At least one federal jury has previously found the City of Sacramento's K-9 policies to be constitutionally defective, *Pratt v. City of Sacramento*.

32. Among other things, it is alleged and believed, that defendants' K-9 policy allows the use of police dogs, a form of deadly force, in non-exigent situations while innocent third parties or bystanders are in harms way. Releasing an attack dog into a situation such as this is akin to firing a gun into a room full of people with the hope that the bullet will find the criminal.

33. As a direct and proximate cause of the defendants' actions described herein, plaintiff suffered severe physical injuries, pain and suffering, disfigurement, emotional distress, medical expenses and will require future medical and or mental health treatment.

## VII. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Unreasonable Search and Seizure/Excessive Force**
**(42 U.S.C. Section 1983)**
(*Brought against defendant Dahl and Does I through X*)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33, as though fully set forth herein.

35. The actions of defendants alleged herein, including but not limited to, causing Bandit, a weapon deployed by and controlled by Defendant Dahl and Does I through X, to attack Garcia, an innocent third party, were unreasonable and unnecessary uses of force. Such conduct constituted an unreasonable seizure and an excessive use of force which violated his rights as protected by the Fourth Amendment of the United States Constitution.

1  36. The aforementioned acts and/or omissions of said defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### SECOND CAUSE OF ACTION
**Entity Liability/Unconstitutional Policies and Procedures**
(*Monell* **claim: Actionable under 42 U.S.C. §1983**)
(*Brought against defendants City of Sacramento, Braziel in his individual capacity and Does XVI through XX*)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36, as though fully set forth herein.

38. The aforementioned acts, including the use of a canine, a type of use of force, were done pursuant to the policies and procedures of defendants City of Sacramento, Braziel individually and Does XVI through XX and resulted in violating plaintiff's constitutional rights.

39. As a direct and proximate result of the aforementioned policies and procedures of said defendants, plaintiff suffered injuries and damages as alleged herein.

### THIRD CAUSE OF ACTION
**Entity Liability/Unconstitutional Practices**
(*Monell* **claim: Actionable under 42 U.S.C. §1983**)
(*Brought against defendants City of Sacramento, Braziel in his individual capacity, and Does XI through XX*)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The aforementioned acts, including the use of a police dog, a form of force, was done pursuant to the practices of defendants City of Sacramento, Braziel individually and Does XI through XX and resulted in violating plaintiff's constitutional rights.

42. As a direct and proximate result of the aforementioned policies and procedures of said defendants, plaintiff suffered injuries and damages as alleged herein.

///

///

### FOURTH CAUSE OF ACTION
### Entity/Supervisory Liability
### (42 U.S.C. Section 1983)
*(Brought against defendants City of Sacramento, Braziel in his individual capacity, and Does XI through XV)*

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44. The aforementioned acts and/or omissions of the individually named defendants were done as a result of inadequate training, supervision and review by defendants City of Sacramento, Braziel individually and Does XI through XV.

45. Defendants City of Sacramento, Braziel individually and Does 11 through 15 knew or should have known that their inadequate training and supervision would result in the violation of Garcia's constitutional rights as described herein. The failure to provide adequate training and supervision made the injuries sustained by Garcia foreseeable.

46. Defendants City of Sacramento, Braziel individually and Does 11 through 15, and each of them, tacitly encouraged, ratified and/or approved the unlawful conduct alleged herein and knew or should have known that such encouragement, ratification or approval would result in violations of plaintiff's constitutional rights.

47. As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein. The aforementioned acts and/or omissions of said non-entity defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### FIFTH CAUSE OF ACTION
### Battery
### (California State Law)
*(Brought against City of Sacramento, Dahl and Does I through X)*

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, as though fully set forth herein.

49. The conduct of Defendants alleged herein in, specifically the attack by Bandit, was without legal justification.

50. Defendants' conduct was wrongful, intentional and with willful disregard for plaintiff's rights. This brutal use of force constituted a battery.

51. Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

52. Defendant City of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

### SIXTH CAUSE OF ACTION
**Negligence**
**(California State Law)**
(*Brought against all defendants*)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52, as though fully set forth herein.

54. Defendants, and each of them, owed plaintiff a duty of care. Specifically, defendants had a duty to prevent their attack dog from biting and mauling plaintiff, Garcia.

55. Defendants, and each of them, breached their duties of care owed to plaintiff, causing his injury. As a direct and foreseeable result of defendants' negligent acts, plaintiff suffered injuries.

56. Defendant City of Sacramento is vicariously liable for the conduct of its agents, all individual defendants named herein.

### SEVENTH CAUSE OF ACTION
**Violation of Cal. Civil Code §3342(a)**
*(Brought against Defendant City of Sacramento)*

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56, as though fully set forth herein.

58. Plaintiff Garcia was in the standing in the backyard of his neighbor's residence when he suffered the injuries alleged herein.

59. Defendant City of Sacramento owned the police dog that caused the plaintiff's

injuries.

60. Plaintiff Garcia was not a party to, nor a participant in, nor suspected to be a party to or a participant in, the acts that prompted the use of the police dog.

61. Defendant City of Sacramento is strictly liable for plaintiff's injuries as alleged herein.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each individual defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and as otherwise authorized by statute or law;

4. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: April 7, 2010

          Respectfully submitted,

          /s/ Stewart Katz
          Stewart Katz,
          Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff JAMES GARCIA hereby demands trial by jury.

Dated: April 7, 2010

          /s/ Stewart Katz
          Stewart Katz,
          Attorney for Plaintiff