IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GARCIA,

      Plaintiff,

           v.

CITY OF SACRAMENTO, RICK
BRAZIEL and GARY DAHL,

      Defendants.

_____/

Case No. 10-cv-00826-JAM-KJN

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS AND MOTION TO STRIKE

This matter comes before the Court on Defendants' City of
Sacramento, Richard Braziel, and Gary Dahl's ("Defendants'")
Motion to Dismiss Certain Claims Alleged in the Complaint and
Striking Certain Portions of the Complaint (Doc. 9). Defendants
ask the Court to dismiss James Garcia's ("Plaintiff") first,
second, third, fourth, and sixth claims for relief for failure
to state a claim, pursuant to Federal Rule of Civil Procedure
12(b)(6). Defendants also move to strike allegations of a
settlement offer and to strike the allegation of an
"unreasonable search," pursuant to Federal Rule of Civil
Procedure 12(f). Plaintiff opposes the motion.[1]

_____

[1] This motion was determined to be suitable for decision without
oral argument. E.D.Cal. L.R. 230(g).

I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint (Doc. 1) alleges that Plaintiff was attacked by Bandit, a police canine, on April 10, 2009. On that evening, Sacramento police officers were pursuing a suspect, Manuel Prasad. Mr. Prasad failed to stop for a taillight violation. Hearing the sirens and police helicopters, Plaintiff walked over to a neighbor's backyard to speculate why law enforcement was in the neighborhood. Suddenly, Plaintiff was attacked by Bandit. The canine inflicted eleven separate wounds in Plaintiff's lower left leg. Plaintiff was immediately rushed to the hospital. He was wheelchair-bound during the month following his attack and he required crutches for another month.

II. OPINION

A. Legal Standard

    1.   Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

are mere "legal conclusions," however, are not entitled to the
assumption of truth.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950
(2009), <u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555
(2007).  To survive a motion to dismiss, a plaintiff needs to
plead "enough facts to state a claim to relief that is plausible
on its face." <u>Twombly</u>, 550 U.S. at 570.  Dismissal is
appropriate where the plaintiff fails to state a claim
supportable by a cognizable legal theory.  <u>Balistreri v.</u>
<u>Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a
claim, the court has discretion to allow leave to amend the
complaint pursuant to Federal Rule of Civil Procedure 15(a).
"Dismissal with prejudice and without leave to amend is not
appropriate unless it is clear . . . that the complaint could
not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon,</u>
<u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

   2.   <u>Motion to Strike</u>

"Rule 12(f) provides in pertinent part that the Court may
order stricken from any pleading any insufficient defense or any
redundant, immaterial, impertinent, or scandalous matter. . .
Motions to strike are disfavored and infrequently granted. A
motion to strike should not be granted unless it is clear that
the matter to be stricken could have no possible bearing on the
subject matter of the litigation." <u>Bassett v. Ruggles et al.,</u>

2009 WL 2982895 at *24(E.D. Cal. Sept. 14, 2009)(internal citations omitted).

        3. <u>Section 1983</u>

Plaintiff's claims against Defendants are brought under 42 U.S.C. § 1983. To prevail in a § 1983 civil action against state actors for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States." <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted).

B. <u>Claims for Relief</u>

        1. <u>Claim 1: Unreasonable Search and Seizure/Excessive Force</u>

Plaintiff alleges that Bandit, the police canine, was intentionally deployed by Defendant Dahl to attack him, constituting an unreasonable seizure and excessive use of force in violation of the Fourth Amendment and giving rise to his

Section 1983 claim. Defendant Dahl challenges Plaintiff's claim by arguing that Plaintiff was not the intended object of police action and therefore was not seized within the context of the Fourth Amendment and thus has no claim under § 1983.

A Fourth Amendment seizure arises "[w]henever an officer restrains the freedom of a person to walk away." Tennessee v. Garner, 471 U.S. 1, 7 (1985). Here, the Complaint alleges that Bandit's attack restrained Plaintiff's freedom. Though Bandit was deployed to search for and subdue Mr. Prasad, and not Plaintiff, "[a] seizure occurs even when an unintended person or thing is the object of the detention or taking." Brower v. County of Inyo, 489 U.S. 593, 596 (1989). See e.g. Rogers v. City of Kennewick, 2008 WL 5383156 (9th Cir. Dec. 23, 2008) (holding that "[a]lthough [Plaintiff] was not the actual suspect the police K-9's biting of [Plaintiff] constituted a seizure under the Fourth Amendment.").

The key to determine whether or not there is a seizure is if "there is governmental termination of freedom of movement through means intentionally applied." Brower, 489 U.S. at 597 (emphasis in original). The test to determine intent is an objective test in which it is "enough for a seizure that a person be stopped by the very instrumentality set in motion or put in place in order to achieve that result." Id. at 599. Here, Defendants consciously deployed Bandit to search for and subdue

Mr. Prasad. Even though Bandit attacked the wrong person, the Complaint adequately alleges that Defendants had sufficient intent to use Bandit as a force to terminate freedom of movement. See Marquez v. Andrade, 1996 WL 111581 (9th Cir. Mar. 13, 1996)("Because the police officers consciously chose to employ the dogs to seize the suspects, the element of intent existed. . .."). Thus, because the Complaint sufficiently alleges that Bandit's attack on Plaintiff constitutes a seizure, Defendants' motion to dismiss Claim 1 is DENIED.

> 2.   Claim 2: Entity Liability/Unconstitutional Policies and Procedures

Plaintiff alleges that using a canine and allowing it to bite bystanders under non-exigent circumstances is part of the unconstitutional policies and procedures of Defendant City of Sacramento and Defendant Braziel. Defendants move to dismiss this claim for failure to identify the policy, custom, or practice alleged to be unlawful.

To impose § 1983 liability on Defendants, Plaintiff must establish that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury that the government as an entity is responsible under § 1983." Monell v. Department of Social Services, 463 US 658, 694 (1978).

To survive a motion to dismiss, Plaintiff's complaint "must proffer 'enough facts to state a claim for relief that is plausible on its face.'" Padilla v. Yoo, F.Supp. 2d 1005, 1018 (N.D.Cal. 2009), citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1938, 1949 (2009).

Plaintiff must allege enough facts to show that "the challenged municipal conduct was both the cause in fact and the proximate cause of the constitutional deprivation." Young v. City of Visalia, 687 F.Supp. 2d 1141, 1148 (E.D.Cal. 2009). Plaintiff alleges that "Bandit is notorious for inflicting numerous and severe unnecessary injuries upon innocent citizens, detainees and arrestees. Bandit's attacks have resulted in numerous lawsuits and claims for damages." Compl. ¶ 29. Plaintiff further alleges that Bandit's attacks stem from a "policy [which] allows the use of police dogs, a form of deadly force, in non-exigent situations while innocent third parties or bystanders are in harms [sic.] way." Id. at ¶ 32. Accordingly, Plaintiff alleges sufficient facts creating a plausible claim that Defendants' policies and procedures were the factual and

proximate cause of Bandit's attack and Plaintiff's ensuing injuries. Defendants' motion to dismiss Claim 2 is DENIED.

    3.   <u>Claim 3: Entity Liability/Unconstitutional Practices</u>

Similar to Claim 2, Plaintiff alleges that because of the <u>practices</u> of Defendant City of Sacramento and Defendant Braziel, Defendants deployed Bandit in a non-exigent circumstance, resulting in Plaintiff's injury. As in the previous claim, Defendants claim Plaintiff fails to state a claim. For the reasons set forth above with respect to Claim 2, this Court finds that Plaintiff has plead sufficient facts to give rise to a plausible claim that Defendants engaged in unconstitutional practices. Defendants' motion to dismiss Claim 3 is DENIED.

    4.   <u>Claim 4:  Entity/Supervisory Liability</u>

Plaintiff alleges that Defendant City of Sacramento and Defendant Braziel, in his individual capacity, violated his rights as protected by the Fourth Amendment as result of inadequate training, supervision, and review. For the same reasons stated in their motion to dismiss Claims 2 and 3, Defendants' seek to dismiss this claim as well. Defendants' argument is without merit. As discussed <u>supra</u>, the Complaint does sufficiently allege the deprivation of a federal right. Accordingly, Defendants motion to dismiss Claim 4 is DENIED.

5.   <u>Claim 6: Negligence</u>

Plaintiff alleges that all Defendants owed Plaintiff a duty of care and they all breached that duty by failing to prevent Bandit from biting Plaintiff. Defendants' argue that there are no facts in the Complaint to indicate Defendant Braziel was negligent and that Defendant Braziel cannot be held liable under the doctrine of respondeat superior. Plaintiff does not oppose the dismissal of this claim as it pertains to Defendant Braziel. Accordingly, Claim 6 is DISMISSED WITH PREJUDICE as to Defendant BRAZIEL.

C.   <u>Motion to Strike Certain Allegations</u>

Defendants ask the Court to strike reference to a settlement offer and the allegation of an unreasonable search. A motion to strike must survive a stringent standard and "should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." <u>Brewer v. Indymac Bank</u>, 609 F.Supp. 2d 1101, 1113 (E.D.Cal. 2009).

1.   <u>Reference to Settlement Negotiations</u>

In the Complaint, Plaintiff alleges that the Sacramento Police Department attempted to settle with Plaintiff. Compl. ¶ 25. Defendants argue that reference to the settlement violates Federal Rule of Evidence 408. Rule 408(a) excludes evidence of

compromise or offers to compromise to prove liability or for impeachment. Rule 408(b), however "does not require exclusion if the evidence is offered for purposes not prohibited." Plaintiff proposes several theories for which the settlement offer could be used to prove facts other than Defendants' liability or to impeach Defendants. Plaintiff posits that the settlement offer could be used to show "the Sacramento's Police Department's history, practice, and pattern of settling police dog bite cases[;]. . . officers' practice of disguising the settlement of dog bite cases from policy makers[;] . . . [or] the offer constituted an attempt to bribe Garcia to refrain from filing a complaint and was not an offer to compromise at all." Compl. p. 5-6. Accordingly, the Court DENIES Defendants' motion to strike this allegation.

    2.  <u>Allegation of Unreasonable Search</u>

    Defendants ask the Court to modify the title for the first claim from "Unreasonable search and seizure/excessive force" to "Unreasonable seizure/excessive force." Defendants argue that the caption is in error because the factual allegations in the Complaint do not support a claim for unlawful search. Plaintiff opposes the request claiming that he may later seek to amend the Complaint to include more detailed allegations and Defendants are not prejudiced by the inclusion of the word "search" in the caption.

Both parties are guilty of wasting this Court's time with this frivolous disagreement. Defendants will not be prejudiced if the word "search" remains in the caption. At the same time, Plaintiff has no reason or good cause to include this word in the caption. It is the allegations of the Complaint and not the captions describing the claims that govern and control the scope of discovery in this case. However, since there are no allegations in the Complaint concerning an unlawful "search," the motion to strike the word from the caption on Claim 1 is GRANTED.

III. ORDER

For the reasons set forth above,

Defendants' motion to dismiss Claims 1, 2, 3, and 4 is DENIED.

Defendants' motion to dismiss Claim 6 as to Defendant Braziel is GRANTED WITH PREJUDICE.

Defendants' motion to strike certain allegations from the Complaint concerning settlement offers is DENIED; and Defendants' motion to strike the word "search" from the caption in Claim 1 is GRANTED.

IT IS SO ORDERED.

Dated:   September 7, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE