IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GARCIA,

        Plaintiff,                        No. 2:10-cv-00826 JAM KJN

       v.

CITY OF SACRAMENTO, et al.,

        Defendants.               ORDER

/

        Presently before the court are two motions to compel filed by plaintiff, which concern discovery requests served on defendants City of Sacramento ("City") and Gary L. Dahl (Dkt. Nos. 24, 25).[1]  The undersigned heard this matter on its law and motion calendar on November 10, 2011.  (Minutes, Nov. 10, 2011, Dkt. No. 28.)  Attorneys Stewart Katz and Guy Danilowitz appeared on behalf of plaintiff.  Attorney Sheri M. Chapman appeared on behalf of the City and Dahl.

        The court does not resolve the two pending motions to compel at this time.  As stated on the record at the hearing, the record does not support that the parties have adequately met and conferred in good faith in an effort to narrow the issues that must be resolved by the

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

court.  Additionally, because of the manner in which the preparation of the joint statement re discovery disagreement was conducted, the issues to be resolved by the court have not been clearly or adequately presented.

In light of the foregoing, and for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer *in good faith* regarding the pending discovery disputes.

2. No later than November 17, 2011, the City and Dahl shall serve an adequate privilege log on plaintiff.[2]

3. A subsequent hearing on plaintiff's motions to compel will be held on December 1, 2011, at 10:00 a.m., in Courtroom 25.  The motions to compel will be heard with defendants' recently filed motion for protective order (Dkt. No. 27).  The joint statement re discovery dispute shall be filed in accordance with Local Rule 251.

4. If the parties agree that they require additional time to meet and confer in good faith or to prepare the joint statement re discovery dispute, they may file a stipulation

////
////
////
////

---

[2] A judge of this court has stated that "[t]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof." United States v. Union Pac. R.R. Co., No. CIV 06-1740 FCD KJM, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (unpublished) (citing United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996)).  The Ninth Circuit Court of Appeals previously cited with approval a privilege log that "identified (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." In Re Grand Jury Investigation (The Corporation), 974 F.2d 1068, 1071 (9th Cir. 1992).

1   and proposed order continuing the December 1, 2011 hearing on all three motions to an agreed
2   upon date.[3]
3          IT IS SO ORDERED.
4   DATED: November 10, 2011

    _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

---

[3] The parties may, of course, seek modification of the scheduling order in this case to accommodate their efforts to meet and confer in advance of the impending December 16, 2011 expert witness disclosure deadline. However, such relief must be sought from the District Judge assigned to this matter.