1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES GARCIA,

11            Plaintiff,                    No. 2:10-cv-00826 JAM KJN

12       v.

13   CITY OF SACRAMENTO, et al.,

14            Defendants.              ORDER
     _____/

15

16            Presently before the court are two motions to compel filed by plaintiff James

17   Garcia (Dkt. Nos. 23, 24), which concern discovery requests served on defendants City of

18   Sacramento ("City") and Gary L. Dahl (collectively, "defendants"), as well as a motion for a

19   protective order filed by the defendants, which relates to these and other discovery requests (Dkt.

20   No. 27).[1]  The undersigned heard these matters on the court's law and motion calendar on

21   December 8, 2011.  (Minutes, Dec. 8, 2011, Dkt. No. 40.)  Attorneys Stewart Katz and Guy

22   Danilowitz appeared on behalf of the plaintiff.  Attorney Sheri M. Chapman appeared on behalf

23   of the defendants.

24            The parties filed a Joint Statement regarding their discovery dispute on December

25   _____

26       [1]  This matter proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1, 2011.  (Joint Statement, Dkt. No. 34.)[2]  According to the Joint Statement, plaintiff seeks to

compel the production of documents in response to Requests 1 through 6 in Plaintiff's Amended

First Request for Production of Documents and Things to Defendant City of Sacramento; the

production of documents in response to Requests 1 through 7 in Plaintiff's Amended First

Request for Production of Documents and Things to Defendant Gary Dahl; and the production of

documents in response to Requests 1 through 16 in Plaintiff's Amended Second Request for

Production of Documents and Things to Defendant City of Sacramento.  (Joint Statement at 2-3.)

   For the reasons stated on the record during the hearing, plaintiff's motions to

compel are granted in part and denied in part.  Defendants' motion for a protective order is

granted in part and denied in part.

   As explained during the hearing, defendants' blanket assertions of the qualified

"official information" privilege are not adequately supported by declarations that specifically

identify the governmental or privacy interests that would be threatened by disclosure of the

material, describe how disclosure subject to a carefully crafted protective order would create a

substantial risk of harm to significant governmental or privacy interests, and project how much

harm would be done to the threatened interests if the disclosures were made.  See Kelly v. City of

San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987); accord Soto v. City of Concord, 162 F.R.D.

603, 613 (N.D. Cal. 1995); Lal v. Felker, No. CIV S-07-2060 GEB EFB P, 2010 WL 582138, at

*4-5 (E.D. Cal. Feb. 11, 2010) (unpublished); Heilman v. Vojkufka, No. CIV S-09-2788 KJM

EFB P, 2011 WL 677877, at *17 (E.D. Cal. Feb. 17, 2011) (unpublished).

   Further, during the hearing plaintiff's counsel expressed his preference that

---

[2]  The parties' respective portions of the Joint Statement do not correspond with each other very well.  They jump around from topic to topic and sometimes leave an issue raised by one party largely unaddressed by the other party.  It is as if plaintiff's counsel wrote his own statement and defendants' counsel wrote her own statement, then stapled the two together into one document.  This approach does not assist the court.  In the future, the parties are directed to comply with the letter and spirit of Eastern District Local Rule 251(c), which sets out the structure for Joint Statements and also requires attorneys to provide the details of their conferences regarding the dispute.

defendants' documents be produced outright, but with identifying information redacted, rather than those documents being produced in unredacted form, but subject to a protective order.[3] During the hearing, defendants' counsel stated that defendants were amenable to such redaction.

IV.   CONCLUSION

In light of the foregoing, and for the reasons stated on the record during the hearing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motions to compel (Dkt. Nos. 23-24) are granted in part and denied in part.  Defendants' motion for a protective order (Dkt. No. 27) is granted in part and denied in part.

2.   Subject to the limitations described below, defendants shall produce Bandit's veterinary records, but *only* those records reflecting Bandit's disposition or behavior issues, including but not limited to aggression issues.  Defendants shall redact portions of the veterinary records that do not reflect Bandit's disposition or behavior issues.  Plaintiff has not shown that *all* of Bandit's veterinary records are potentially relevant to this action.

3.   Defendants shall produce all five Internal Affairs Division ("IAD") Files identified in the parties' Joint Statement with redactions as set forth below.  (Joint Statement at 3-5 (identifying IAD File Nos. 09-213, 09-0032, 08-0046, 08-0368, and 07-0023).)

a.   Defendants shall redact all text and photos within the five IAD Files that would permit the identification of witnesses, suspects, arrestees, victims, and citizens, as well as information that would identify the owners of vehicles or other property (collectively, "identifying information").  Such redaction could involve, for instance, covering faces of

---

[3]   Following production of redacted materials, the parties are free to stipulate to undo the redaction of any information.  Similarly, if plaintiff believes that particular redacted information is potentially relevant to this action and defendants disagree, plaintiff may file a motion and make the requisite showing of relevance.  The undersigned will not look favorably on requests to remove redactions where such requests are made shortly before the discovery cutoff, especially if such modifications will necessitate further discovery.

1  individuals depicted in photographs of dog bites, as well as redaction of text revealing the names,

2  addresses, and other information personal to individual citizens or officers.

3         b.     Any photos of any officer(s) (other than Officer Dahl) within the

4  five IAD Files are to be completely redacted so as not to identify the officer(s) by name, badge

5  number, or otherwise.  Names and other identifying information of any officers (other than

6  Officer Dahl) appearing in text are to be completely redacted so as not to identify the officer(s).

7         c.     Official numbers given to various "incidents" or investigations

8  described in the five IAD Files may be revealed and should not be redacted.  During the hearing,

9  and at plaintiff's counsel's request, defendants' counsel agreed that the identities of any canines

10  appearing in these documents will be revealed and not redacted.  Likewise, the identities of

11  "supervising" officers shall not be redacted.

12         d.     As to any "General Orders" contained within the five IAD Files,

13  any of these "General Orders" that have previously been made public and/or are already in the

14  possession of plaintiff's counsel shall be produced outright, without a protective order.  To the

15  extent that any of these "General Orders" have *not* previously been made public and/or are *not*

16  already in the possession of plaintiff's counsel, they shall be produced subject to a protective

17  order, and the parties are to cooperate to craft the terms of such protective order.

18         e.     Defendants shall produce Officer Dahl's disciplinary records

19  within the five IAD Files, but defendants shall produce *only* those records reflecting Dahl's

20  discipline in connection with canines, use of force, or dishonesty.  Production of such

21  disciplinary records shall be subject to a protective order.  The parties are to cooperate to craft the

22  terms of such protective order.  Further, all "social security numbers, info pertaining to mental

23  health or medical history, religious affiliation, home address(es), contact or personal information

24  regarding any . . . police officer or police officer's family member" within the disciplinary

25  records shall be redacted.  (Joint Statement at 9.)  Defendants need not produce disciplinary

26  records reflecting Officer Dahl's being disciplined outside the context of canines, use of force, or

1   dishonesty, as plaintiff has not demonstrated such information's potential relevance in this

2   particular action.

3              4.    With the exception of Officer Dahl's disciplinary records in IAD Files

4   (addressed separately above), defendants shall produce Officer Dahl's entire personnel file,

5   including but not limited to training records therein, subject to a protective order.  The parties are

6   to cooperate to craft the terms of such protective order.  Further, all "social security numbers,

7   info pertaining to mental health or medical history, religious affiliation, home address(es),

8   contact or personal information regarding any . . . police officer or police officer's family

9   member" within the personnel file shall be redacted.  (Joint Statement at 9.)

10             5.    Defendants shall produce Bandit's "training records" as identified in the

11   parties' Joint Statement.  (Joint Statement at 29.)  Such production shall not be subject to a

12   protective order.  However, any "command words" revealed within the training records shall be

13   redacted.  Any "identifying information" (as defined above) for citizen volunteers participating in

14   canine training shall be redacted.

15             6.    Subject to the limitations described below, defendants shall produce all

16   Office Of Public Safety Accountability ("OPSA") Files, Arrest Reports, Arrest/Incident Reports,

17   Use of Force Reports, and Red Border Forms identified in the parties' Joint Statement.  (Joint

18   Statement at 6.)

19             a.    Any "identifying information" (as defined above) in these

20   documents shall be redacted so as to protect the identities of witnesses, suspects, arrestees,

21   victims, citizens, and police officers other than Officer Dahl.

22             b.    Official numbers given to various "incidents" or investigations

23   described in these documents may be revealed and should not be redacted.  During the hearing,

24   and at plaintiff's counsel's request, defendant's counsel agreed that as to these documents, the

25   identities of any canines described in these documents will be revealed and not redacted, and also

26   agreed that the identities of "supervising" officers will be revealed and not redacted.

7.    Defendants shall produce Sgt. Oliveira's "memo" (Joint Statement at 6) regarding the dog bite in *this case*.  Such production shall not be subject to a protective order.

8.    Defendants shall produce the canine sergeant's "administrative reviews" of dog bites in *cases other than this one*, however, such production shall be subject to a protective order.  The parties are to cooperate to craft the terms of such protective order.

9.    Defendants shall produce the "General Orders on Use of Force" and the "General Orders on Use of Canines" in effect during the relevant time period, as identified in the parties' Joint Statement.  (Joint Statement at 6.)  To the extent either or both of these "General Orders" have previously been made public and/or are in the possession of plaintiff's counsel, they shall be produced outright, without a protective order.  To the extent that either of these "General Orders" have *not* previously been made public and/or are *not* already in the possession of plaintiff's counsel, such document shall be produced subject to a protective order, and the parties are to cooperate to craft the terms of such protective order.

10.    **By 5 p.m. on December 19, 2011**, defendants are to produce all of the above-described documents, with redactions as described above, and subject to the terms of the parties' protective order as described above.

11.    For any future discovery disputes in this action, where practicable, the parties may contact Judge Newman's courtroom deputy at (916) 930-4187 to schedule a telephonic conference with the Judge in efforts to resolve discovery disputes prior to filing written discovery motions.

IT IS SO ORDERED.

DATED:  December 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE