IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GARCIA,

    Plaintiff,                     No. 2:10-cv-00826 JAM KJN

    v.

CITY OF SACRAMENTO, et al.,

    Defendants.               <u>ORDER</u>

/

        On February 24, 2012, the undersigned conducted a follow-up informal discovery telephone conference in this matter concerning plaintiff's motion to compel, defendants' compliance with the court's December 8, 2011 discovery order (Dkt. No. 41), and additional discovery matters.[1]  Attorneys Stewart L. Katz and Guy Danilowitz appeared on plaintiff's behalf.  Attorney Sheri M. Chapman appeared on defendants' behalf.

        As discussed in more detail at the informal conference, which lasted over two hours, IT IS HEREBY ORDERED that:

        1.    Defendants shall produce portions of certain of the reports, along with Computer Assisted Dispatch ("CAD") records as explained during the discovery conference,

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

listed in the table at page 8 of plaintiff's memorandum filed on February 13, 2012 (Dkt. No. 61). Specifically, defendants shall produce the portions of the reports and CAD records associated with the table column entitled "Warnings."  Defendants shall also review and produce, subject to the parameters set during the discovery conference, the reports associated with: (a) reports numbered 08-215856 and 09-25968 listed in the table column entitled "Nature of Search"; and (b) the report numbered 09-10910 listed in the table column entitled "Supervision."  The parties shall meet and confer to verify the correctness of the report numbers stated in plaintiff's briefing.

2. The parties are directed to promptly meet and confer regarding all documents that the court previously ordered defendants to produce or that defendants previously agreed to produce to plaintiff, with a view toward completing any outstanding productions of discovery related materials.  In light of the court's order during the discovery conference that certain CAD records associated with documents or reports previously produced now be produced, the meet-and-confer efforts shall encompass discussion of those CAD records.

3. Defendants shall produce all documents that are the subject of this order, and all documents that the court previously ordered defendants to produce or that defendants agreed to produce, **no later than March 1, 2012, at 4:00 p.m.**  Defendants' production shall be made by hand-delivery to plaintiff's counsel.  Alternatively, however, if defendants' counsel believes that she cannot complete the discovery production by the above-stated deadline, she shall contact plaintiff's counsel by telephone **no later than February 28, 2012, at 4:00 p.m.**, and advise plaintiff's counsel that defendants prefer to enter into a stipulation seeking the extension of the discovery-related deadlines in this case—which might result in the extension of other dates such as the trial date—to accommodate the production of discovery-related materials by defendants.  A stipulated request for an extension of the non-expert discovery deadline in this case shall be limited to an extension that permits defendants to *very promptly* complete the pending document production.  Such stipulation and proposed order shall be promptly filed and directed to the attention of United States District Judge John A. Mendez, whose scheduling order

governs this case.

4. As more thoroughly discussed during the conference, defendants' document production may be reasonably redacted to protect the identities of witnesses, victims of crime, sensitive personal information, etc.  If defendant chooses not to redact the subject documents, defendants' counsel shall propose a stipulated protective order to plaintiff's counsel, which may include "eye's only" provisions in regards to the scope of disclosure to attorneys, experts, and the like.

5. If defendants' counsel fails to comply with the above-stated production deadline or deadline to seek a stipulation regarding extension of dates, plaintiff may promptly file a motion seeking monetary sanctions, evidentiary sanctions, or both, against defendants or defendants' counsel.  Before filing such a motion, however, plaintiff's counsel shall briefly meet-and confer with defendants' counsel by telephone to ensure that defendants' counsel's failure to comply with the deadlines was not the result of a minor, quickly correctable oversight.  The undersigned will entertain any request by plaintiff to hear a motion for such sanctions on shortened time.

IT IS SO ORDERED.

DATED: February 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE