1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JAMES GARCIA,

11              Plaintiff,                    No. 2:10-cv-00826 JAM KJN

12         v.

13    CITY OF SACRAMENTO, et al.,

14              Defendants.                   ORDER
      _____/

15

16              On February 24, 2012, the undersigned entered an order on plaintiff's motion to

17    compel requiring, among other things, that defendants produce outstanding discovery-related

18    documents to plaintiff by March 1, 2012.[1]  (Order, Feb. 24, 2012, Dkt. No. 64.)  The undersigned

19    selected a production date of March 1, 2012, because: (1) defendants have often dragged their

20    feet in producing discovery and indicated a refusal to stipulate to continue the deadlines in this

21    case; and (2) plaintiff was particularly concerned that the expert disclosure deadline was fast

22    approaching on March 7, 2012.  (See Stip. & Order Modifying Pretrial Sched. Order at 1-2, Dkt.

23    No. 53.)

24              On March 2, 2012, one day after the production deadline, the parties filed a

25    _____

26         [1]  This matter proceeds before the undersigned pursuant to Eastern District of California
      Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

stipulation and proposed order seeking to continue the production deadline to March 12, 2012

(Dkt. No. 65), which is after the date for expert disclosures.  The parties' stipulation states:

> The parties by and through their respective counsel and subject to the approval of this Court, hereby stipulate to this request for the following modifications to the Court's Order of February 24, 2012 (ECF Document 64):
>
> 1.  The deadline of March 1, 2012 for defendants' production of documents pursuant to that Order be moved to March 12, 2012;
>
> 2.  If defendants' counsel fails to comply with the March 12, 2012 production deadline, plaintiff's counsel may file a motion for sanctions as described in that Order.
>
> The reason for this request is that defense counsel contacted plaintiff's counsel on February 28, 2012 and advised that due to the volume of the documents to be produced, defendants would not meet the previously set March 1, 2012 deadline.

(Id.)

The undersigned approves the parties' stipulation.  Accordingly, defendants shall have until March 12, 2012, to comply with the court's discovery order.

The undersigned notes that, curiously, the parties' stipulation does not pursue either option actually presented by the court in the February 24, 2012 order.  That order provides:

> Defendants shall produce all documents that are the subject of this order, and all documents that the court previously ordered defendants to produce or that defendants agreed to produce, **no later than March 1, 2012, at 4:00 p.m.**  Defendants' production shall be made by hand-delivery to plaintiff's counsel.  Alternatively, however, if defendants' counsel believes that she cannot complete the discovery production by the above-stated deadline, she shall contact plaintiff's counsel by telephone **no later than February 28, 2012, at 4:00 p.m.**, and advise plaintiff's counsel that defendants prefer to enter into a stipulation seeking the extension of the discovery-related deadlines in this case—which might result in the extension of other dates such as the trial date—to accommodate the production of discovery-related materials by defendants.  A stipulated request for an extension of the non-expert discovery deadline in this case shall be limited to an extension that permits defendants to *very promptly* complete the pending document production.  Such stipulation and proposed order shall be promptly filed and directed to the attention of United States District Judge John A. Mendez, whose scheduling order governs this case.

1   (Order, Feb. 24, 2012, at 2.)  During the last telephone conference with the parties, the

2   undersigned offered to attempt to facilitate approval of a stipulation and proposed order

3   modifying the scheduling order in this case if the parties chose that option.

4           Instead of producing documents by March 2, 2012, or seeking a stipulated

5   modification of the scheduling order before the district judge assigned to this case, the parties

6   agreed to simply continue the production deadline.  Nevertheless, the parties have made their

7   choice.

8           In light of the foregoing, IT IS HEREBY ORDERED that:

9           1.     The parties' stipulation and proposed order (Dkt. No. 65) is approved, and

10  the court's February 24, 2012 order (Dkt. No. 64) is modified.

11          2.     The March 1, 2012 deadline of for defendants' production of documents

12  pursuant to the court's February 24, 2012 order is continued to March 12, 2012.

13          3.     If defendants' counsel fails to comply with the March 12, 2012 production

14  deadline, plaintiff's counsel may file a motion for sanctions as described in the court's February

15  24, 2012 order.

16           IT IS SO ORDERED.

17  DATED:  March 5, 2012

18

19

20                             KENDALL J. NEWMAN
                                 UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26