FILED

FEB 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF JAMES PAUL GARCIA III, by and through Special Administrator Rosa Valdez-Garza,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>CITY OF SACRAMENTO; RICK BRAZIEL; GARY DAHL,<br><br>    Defendants - Appellants. | No. 12-16434<br><br>D.C. No. 2:10-cv-00826-JAM-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 11, 2014[**]
San Francisco, California

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and ADELMAN, District Judge.[***]

Officer Gary Dahl, Police Chief Rick Braziel, and the City of Sacramento appeal the district court's order denying their motion for summary judgment in this 42 U.S.C. § 1983 action brought by the estate of James Garcia.[1] Dahl contends that the district court improperly denied him qualified immunity; the Chief and the City argue that we have pendant jurisdiction over their appeals.

The parties agree that the canine bite was a serious intrusion on Garcia's Fourth Amendment rights. But the officers were seeking a fleeing suspect who had committed a violent felony. *See Sykes v. United States*, 131 S. Ct. 2267, 2270 (2011). In addition, the officers involved attempted less forceful methods to arrest the suspect before deploying a canine, and Dahl gave a canine warning before beginning his search for the suspect. Under the circumstances, it was not clearly established that the Fourth Amendment required Dahl to provide an additional warning before deploying his canine again. *See Pearson v. Callahan*, 555 U.S. 223, 236, 245 (2009); *Miller v. Clark Cnty.*, 340 F.3d 959, 964–66 (9th Cir. 2003).

---

[***] The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

[1] Garcia died of unrelated causes while this suit was pending.

Because we do not reach the issue whether Garcia adequately alleged a constitutional violation, our resolution of Dahl's appeal does not necessarily resolve Garcia's § 1983 claims against the Chief and the City.  We may not exercise pendant appellate jurisdiction over such claims, because they are not "inextricably intertwined" with the issue of Dahl's entitlement to qualified immunity.  *See Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir. 1998).

**REVERSED in part; DISMISSED in part; and REMANDED.**  Each party shall bear its own costs on appeal.[2]

---

[2] Garcia's motion to take judicial notice, filed with this Court on January 14, 2013, is **DENIED** as moot.  Garcia's motion to file physical exhibits, filed with this Court on January 24, 2013, is **GRANTED**.